IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **FELISHA SANDERS,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**WHATABURGER RESTAURANTS LLC,** d/b/a **WHATABURGER,**<br><br>Defendant. | Case No.:<br><br>**Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Felisha Sanders ("Plaintiff"), individually and on behalf of similarly situated persons, brings this Fair Labor Standards Act ("FLSA") suit against Whataburger Restaurants LLC, d/b/a Whataburger ("Defendant"), showing in support as follows:

### I. NATURE OF ACTION

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate 'not less than one and one-half times the regular rate at which he is employed.'" *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)); *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally).

2.      Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Defendant failed to pay wages to Plaintiff for performing work both before and after her assigned work shifts and in excess of 40 hours per week.

3.      Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

4.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay sufficient wages and proper overtime compensation under the FLSA.

5.      Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     PARTIES

6.      Plaintiff is an individual who was employed by Defendant within the meaning of the FLSA within the three-year period preceding the filing of this Complaint. She hereby consents to be a party in this action through the consent form attached as "Exhibit 1."

7.      Plaintiff is an individual and resident of Montgomery County, Tennessee.

8.      Plaintiff and "Class Members" are Defendant's current and former hourly paid employees.

9.      Defendant is a limited liability company registered to do business in Tennessee and can be served with process by and through its registered agent Corporation Service Company at 2908 Poston Ave., Nashville, TN, 37203, or wherever they may be found.

10.     Defendant does business as Whataburger.

11. Upon information and belief, Defendant maintains a website at https://whataburger.com/home.

### III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

13. Defendant conducts business within the State of Tennessee and throughout the United States.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to all claims occurred in this District.

### IV. COVERAGE

15. At all material times, Defendant acted, directly or indirectly, in the interest of employer with respect to Plaintiff.

16. At all times hereinafter mentioned, Defendant has been an employer or joint employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in

that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

20. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

21. Defendant directly hired Plaintiff, paid her wages, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

22. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who engaged in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

23. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of this Complaint.

24. Defendant is an "employer" within the meaning set forth in the FLSA and was at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the Class Members.

25. At all times material herein, Plaintiff and other Class Members have been entitled to the rights, protections and benefits provided under the FLSA.

26. Defendant owns and operates restaurants throughout the United States.

27. Defendant employed Plaintiff as an hourly-paid, admittedly non-exempt worker from approximately late June 2023 until December 2023, and worked at its location on 599 Fire Station Road, Clarksville, Tennessee, among other locations during that period of time.

28. Defendant also employed other hourly-paid workers within the three years preceding the filing of this lawsuit.

29. As an hourly-paid employee, Plaintiff was entitled to be paid each hour that was worked on Defendant's behalf. Instead of following the FLSA, Plaintiff and other similarly situated workers were regularly required to clock out at the end of their scheduled shift time but continue working. Plaintiff was not compensated for this required, post-shift work.

30. Upon information and belief, other hourly-paid workers were not compensated for this required, post-shift work.

31. Upon information and belief, Plaintiff and the Class Members frequently worked in excess of 40 hours per week. However, Plaintiff and Class Members were paid for their assigned shift times rather than the actual hours they worked. Defendant failed to accurately track and pay for all hours of work, especially for time spent before and after assigned work shifts.

32. In the absence of discovery, Plaintiff estimates that she worked approximately ten hours off the clock each week.

33. Upon information and belief, other hourly-paid workers had similar schedules and worked a similar number of hours off the clock as Plaintiff.

**PLAINTIFF'S ORIGINAL COMPLAINT**  **Page -** 5

Case 3:24-cv-00227   Document 1   Filed 02/29/24   Page 5 of 9 PageID #: 5

34. Defendant has employed other individuals under the same or similar pay provisions as Plaintiff, and who were also denied all wages and proper overtime compensation in the same manner as Plaintiff.

35. Defendant knew or should have known that Plaintiff and other hourly-paid workers were working additional hours off-the-clock for which they were not compensated.

36. At all relevant times herein, Defendant has deprived Plaintiff and other hourly-paid workers of regular wages and overtime compensation for all hours worked.

37. Defendant knew or should have known that it was not paying Plaintiff and other hourly-paid workers sufficient wages.

38. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

39. Defendant made no reasonable efforts to ascertain and comply with applicable law.

### VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

40. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

41. During the relevant period, Defendant violated and continues to violate Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant acted willfully in failing to pay Plaintiff and the putative Collective Action Members in accordance with the law.

## VII. COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

43. Plaintiff and the Class Members were all paid on an hourly basis and as such all admittedly eligible for the benefits of the FLSA under Defendant's own pay scheme.

44. During the period from three years prior to the filing of this suit until the filing of this suit, Defendant employed other individuals in a similar capacity as Plaintiff in that it did not pay these hourly-paid employees for performing work both before and after their assigned work shifts and in excess of 40 hours per week. Accordingly, the Class Members victimized by Defendant's unlawful pattern and practices are similarly situated in terms of job duties and pay provisions.

45. Like Plaintiff, the Class Members regularly worked shifts of 40 hours or more in a workweek. Thus, additional and uncompensated time should be compensated at the rate of time and one half the Class Members' regular rate of pay.

46. Defendant's failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from generally applicable policies or practices of paying Plaintiff and Class Members for their shift times, as opposed to their actual hours of work, and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experience of the Class Members. Although Defendant requires them to perform similar duties, the precise job requirements of the various Class Members do not prevent collective treatment. All Class Members, regardless of their precise job title, requirements, or rates of pay, are entitled to wages for all hours worked, as well as overtime wages for all hours worked

over 40 in a workweek. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

47. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the Class Members.

48. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action.

49. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VIII. RELIEF SOUGHT

50. WHEREFORE, premises considered, Plaintiff, individually and on behalf of other similarly situated persons, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

B. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

C. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

D. For an Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

E. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ *J. Forester*

**FORESTER HAYNIE PLLC**
**J. Forester**
Texas Bar No. 24087532
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
jay@foresterhaynie.com

**HMC CIVIL RIGHTS LAW PLLC**
**Heather Moore Collins**
BPR # 026099
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996 phone
615-691-7019 fax
heather@hmccivilrights.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made to Defendant with summons to be issued by the clerk in accordance with the Federal Rules of Civil Procedure.

s/ *J. Forester*
**J. Forester**

**PLAINTIFF'S ORIGINAL COMPLAINT**  Page - 9

Case 3:24-cv-00227   Document 1   Filed 02/29/24   Page 9 of 9 PageID #: 9